IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN PEAVY, | ) | Case No. 1:10 CR 479 |
| | ) | 5:10 CR 189 |
| Defendant-Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | |
| Plaintiff-Respondent. | ) | |

This matter is before the Court on Petitioner's Motion To Amend Petitioner's sentence (Docket # 48 in Case No. 1:10 CR 479). For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

While in federal custody and before sentencing, Petitioner assaulted another imamate. Subsequently, Petitioner was charged and later pled guilty to felonious assault (Ohio Revised Code §§ 2923.02/2903.11) in the Cuyahoga County Court of Common Pleas. Petitioner was sentenced to one year at the Lorain Correctional Institution.

After being sentenced in Cuyahoga County, Petitioner pled guilty in federal court to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (case No. 10-CR-189). He was also found guilty at trial for being a felon in possession of a firearm in violation, of 18 U.S.C. § 922(g) (Case No. 10-CR-479). As a result of these convictions, Petitioner was sentenced to 100 months of incarceration.

At sentencing, the issue of whether Petitioner's federal sentence would run concurrently or consecutively to the state sentence was discussed. Both parties offer the following excerpt from Petitioner's sentencing hearing:

1

> DEFENSE: And your Honor, one issue that I don't think the Court covered is, because I believe he has already been sentenced on the assault case in the county, whether or not this sentence should be concurrent or consecutive to that. Since this court is the second to sentence, I believe it is this court's prerogative.
>
> COURT: I think he has to do the state time first.
>
> GOVERNMENT: He has already done the year, Judge.
>
> DEFENSE: So they are consecutive?
>
> COURT: I'm not going to order anything. I'm going to order the sentence. The Bureau of Prisons can figure that out.
>
> GOVERNMENT: I ask that you run it concurrent, so there is no paperwork that – I mean, he already did the year. I don't want any –
>
> COURT: Well, what I will do is impose this sentence. If there is any confusion, you can come back and we'll redo it.
>
> GOVERNMENT: Okay.
>
> DEFENSE: Thank you, Your Honor.

(ECF # 42).

Thus, Petitioner was sentenced to 100 months of federal incarceration for his federal charges. However, this Court left it up to the Bureau of Prisons to decide if Petitioner's state sentence should run concurrently or consecutively to his federal sentence. Petitioner now requests this Court to amend Petitioner's sentence ordering Petitioner's federal sentence to run concurrent with his state sentence. This matter is fully briefed and ready for disposition.

### Discussion

**I.      Lack of Jurisdiction:**

A district judge has only limited jurisdiction to modify or amend a Judgment and Conviction Order. Federal Rule of Criminal Procedure 35 provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other

2

clear error." Fed.R.Crim.P. 35(a). After Rule 35(a)'s 7-day window has closed, a district judge is only allowed to correct clerical errors. See Rule 36. The amount of time that has elapsed between Petitioner's sentencing and the filing of action well exceeds the 7-day window allowed by Rule 35. Moreover, Petitioner has not demonstrated any clerical error, since this Court's oral declaration at the time of sentencing is consistent with the Judgment and Commitment Order.

Title 18, Section 3582(c) of the United States Code, states that a district court may not modify a term of imprisonment once it has been imposed, except under limited circumstances:

> (c) Modification of an Imposed Term of Imprisonment. The court may not modify a term of imprisonment once it has been imposed except that-
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau if Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Petitioner does not meet any of the conditions set forth in § 3582(c). Subsection (c)(1)(A) is not applicable because the Director of the Bureau of Prisons has made no motion. Moreover, subsection (c)(1)(B) does not apply, as this motion was not brought under Rule 35. Furthermore, subsection (c)(2) is not applicable since the Sentencing Commission has not recalculated Petitioner's claim. Therefore, the district court is unable to grant defendants motion. *See United States v. Martin,* 913 F.2d 1172, 1177 (6th Cir. 1990).

## II.  Bureau of Prisons' Authority:

It is the sole responsibility of the Federal Bureau of Prisons to calculate terms of imprisonment. *See United States v. Wilson,* 503 U.S. 329 (1992). The policies and instructions for calculating sentences are complex. See Program Statement 5880.28, Sentencing Computation Manual (CCCA of 1984); 5880.30, Sentencing Computation Manual ("Old Law"-Pre-CCCA-1984); 5880.32, District of Columbia Sentence Computation Manual; and 5110.14, Administration of Sentence for Military and Coast Guard Inmates. Since the warden is not a party to this motion and hence Petitioner has not depleted all available administrative remedies, this Court is not inclined to direct the Bureau of Prisons to recalculate Petitioner's sentence.

Further, even if his administrative remedies had been exhausted, the Bureau of Prisons determination is consistent with the mandates of §3584(a).  "If a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently, or consecutively…. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The district court remained silent at sentencing as to whether it was imposing a concurrent or consecutive sentence, therefore, under 18 U.S.C. § 3584(a), the the Bureau of Prisons correctly determined that consecutive sentences were appropriate.

4

## Conclusion

      For the reasons set forth above, Petitioner's motion to amend his sentence is DENIED.

IT IS SO ORDERED.

                                                                       /s/ Donald C. Nugent  
                                                                  DONALD C. NUGENT  
                                                                  United States District Judge

DATED:  June 26, 2013